IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$42,406.00 IN U.S. CURRENCY SEIZED ON NOVEMBER 8, 202, *et al.*,<br><br>Defendants. | CASE NO. 3:22-CV-00512-JZ<br><br>JUDGE JACK ZOUHARY<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

On March 31, 2022, Plaintiff United States of America commenced this action by filing a Complaint in Forfeiture. (ECF #1). Named as *in rem* defendants were (a) $42,406 in U.S. Currency, and (b) a 2015 Harley-Davidson FLTR Road Glide motorcycle, VIN 1HD1KTM12FB611551. (*Id.* at PageID 2). Both items were seized on November 8, 2021 during the execution of search warrant at the residence of Michael Liles in Lima, Ohio. (*Id.*).

The Complaint alleges that "the FBI commenced an administrative forfeiture proceeding against the defendants currency and property. A claim to the defendants currency and property was submitted by Marcella Liles in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action." (*Id.*) The Complaint further alleges that these items "constitute proceeds from illegal drug trafficking activities, and/or were used – or were intended to

1

be used – in exchange for illegal controlled substances, and/or were used – or were intended to be used – to facilitate illegal drug trafficking activities." (*Id.* at PageID 6).

Concurrent with the filing of the Complaint, pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, the United States issued notice to Michael Liles, Sr. and Marcella Liles of their ability to file a claim to the defendant items of property within 35 days after receipt of the Complaint. On April 4, 2022, this matter was referred to me for Administrative Action pursuant to Local Rule 72.2. (Non-document entry of April 4, 2022).

Following two court-ordered extensions of the deadline to file a claim, on May 31, 2022, Mr. Liles (through counsel) filed an Answer and Defenses to the Complaint. (ECF #8). Mr. Liles' filing generally denied the United States' allegations and demanded that the defendant property be returned to him "as its rightful owner." (*Id.* at PageID 33).

On June 15, 2022, the parties filed their Report of Parties' Planning Meeting. (ECF #10). In it, they proposed various case management deadlines. In addition, they "agree[d] that a stay of this action is appropriate pending resolution of a related criminal prosecution in Allen County Common Pleas Court in a matter captioned State of Ohio v. Michael T. Liles No. CR 2020 0400." (*Id.* at PageID 42). A review of the docket in that case shows that on January 13, 2022, Mr. Liles was charged with aggravated funding of drug trafficking (Ohio Rev. Code §§ 2925.05(A)(3) & (C)(1), a first-degree felony), trafficking in cocaine (Ohio Rev. Code §§ 2925.03(A)(2) & (C)(4)(g), a first-degree felony), possession of cocaine with multiple specifications (Ohio Rev. Code §§ 2925.11(A) & (C)(4)(f) a first-degree felony), having weapons while under disability with specification (Ohio Rev. Code §§ 2923.13(A)(3) & (B), a third-degree felony), possession of heroin

2

(Ohio Rev. Code § 2925.11(A) & (C)(6)(a), a fifth-degree felony), and engaging in a pattern of corrupt activity (Ohio Rev. Code §§ 2923.32(A)(1) & (B)(1), a first-degree felony). On January 21, 2022, Mr. Liles entered a not guilty plea to all charges.

I held a Case Management Conference in this matter on June 16, 2022, at which time the parties reiterated their joint request for a stay of proceedings. According to Mr. Liles' counsel in this matter (who also represents Mr. Liles in the state court criminal action), the Allen County Common Pleas Court has not yet set a trial date. There is, however, another pretrial conference scheduled in that matter in July 2022, and trial may occur before the end of the year.

LAW AND ANALYSIS

Under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), a district court may stay a civil forfeiture proceedings on motion of the United States "if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). A district court may also stay a civil forfeiture proceeding on motion of a claimant when three requirements are met:

   (A)   the claimant is the subject of a related criminal investigation or case;

   (B)   the claimant has standing to assert a claim in the civil forfeiture proceeding; and

   (C)   continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

Id. § 981(g)(2).

Here, the parties' request for a stay was made jointly but without delineating the basis under CAFRA or any other applicable authority. However, because the United States (i.e., "the

3

Government") is not prosecuting Mr. Liles, it does not appear that a request for a stay under § 981(g)(1) could meet the requisite standard. Conversely, though, it appears that request for a stay under § 981(g)(2) does satisfy all required elements.

*First*, Mr. Liles is the named defendant in the Allen County Common Pleas Court criminal case, and that case appears related to the property seized and named as an *in rem* defendant in this case. In particular, the Allen County case docket reflects that the indictment arose out of a Lima Municipal Court case against Mr. Liles, Case No. 21 CRA 02180. Reviewing the docket of that case indicates the originally-charged offense in municipal court of possession of a fentanyl-related compound occurred on November 8, 2021. Notably, that is the same date on which the FBI executed a search warrant at Mr. Liles' home in Lima. (ECF #1, at PageID 5.) Furthermore, the Complaint in this case avers as follows:

> On November 8, 2021, the Fentanyl parcel was placed on the front porch of XX6 Orena Avenue, then removed by L.L. with the assistance of Michael Liles and taken inside the residence at XX6 Orena Avenue. Michael Liles was then arrested after leaving the area on foot and taken into custody.

(*Id.*)

*Second*, both the currency and the motorcycle in this case were seized from Mr. Liles' residence. (*Id.* at PageID 6). The currency was located in the trunk of a car, inside a saddlebag of the motorcycle, in a dresser drawer, and in a clothes pocket. (*Id.*) Although the motorcycle was titled in the name of Marcella Liles, the Complaint alleges that "she does not regularly operate the motorcycle or store the motorcycle . . . ." (*Id.*) Mr. Liles, however, has expressly asserted that he is

4

the "rightful owner" of both the money and the motorcycle. (ECF #8, at PageID 33). As such, he appears to have standing to assert a claim in this proceeding.[1]

*Third*, in light of the government's allegations in the Complaint that the defendant money and motorcycle were proceeds from illegal drug trafficking, were used or intended to be used in exchange of illegal controlled substances, or were used or intended to be used to facilitate a drug trafficking offense (ECF #1, at PageID 6), and that Mr. Liles is charged with numerous drug-related offenses in Allen County Common Pleas Court, continuation of the forfeiture proceedings at this time may burden Mr. Liles' right against self-incrimination in the state court prosecution. *See United States v. Real Property and Premises Located at 249-20 Cambria Avenue, Little Neck, New York 11362*, 21 F. Supp. 3d 254, 263 (E.D.N.Y. 2014) (noting that civil discovery, including depositions of claimants in forfeiture action, "would burden their respective right against self-incrimination" in a related state court prosecution); *United States v. $67,486.00 in United States Currency*, Case No. 16-cv-01129-WYD-NYW, 2016 WL 11020956, at *1 (D. Col. Dec. 14, 2016); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (observing that parallel civil and criminal proceedings can require a defendant to make "difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or . . . being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation").

CONCLUSION AND RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** the District Court issue an order staying all case management deadlines and any other proceedings in this matter pending further order of the

---

[1] I note that under 18 U.S.C. § 981(g)(7), a finding a this time that Mr. Liles has sufficient standing to request a stay of proceedings "shall not preclude the Government from objecting to the standing of the claimant by dispositive motion or at the time of trial."

5

Court. I further **RECOMMEND** the District Court require the parties to submit joint status reports to the Court every 120 days or upon the Allen County Court of Common Pleas setting a trial date in the case against Mr. Liles, whichever occurs first.

Dated: June 16, 2022

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).